

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00103-CV

_____

IN RE MICHAEL ALLYN KENNEDY

Original Prohibition Proceeding

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

## MEMORANDUM OPINION

Michael Allyn Kennedy, proceeding pro se, has filed a petition for writ of prohibition in this Court seeking to prohibit Texas Department of Criminal Justice officials of the Polunsky Unit, where he is incarcerated, from committing misconduct. Upon our review of Kennedy's filing, we noted a potential defect in the Court's jurisdiction over this original proceeding.

Section 11.102 of the Texas Civil Practice and Remedies Code provides that "[a] vexatious litigant subject to a prefiling order under Section 11.101 is prohibited from filing, pro se, new litigation in a court to which the order applies without seeking the permission of" the local administrative judge. TEX. CIV. PRAC. & REM. CODE ANN. § 11.102(a). Although the clerk of this Court may file an appeal from a prefiling order, the clerk "may not file a litigation, original proceeding, appeal, or other claims presented, pro se, by a vexatious litigant subject to a prefiling order under Section 11.101 unless the litigant obtains an order from the appropriate local administrative judge described by Section 11.102(a) permitting the filing." TEX. CIV. PRAC. & REM. CODE ANN. § 11.103(a), (d).

The 258th Judicial District Court of Polk County issued its order in trial court cause number CIV32610, styled *Michael Kennedy v. Kaycee Jones, et al.*, on June 7, 2019, prohibiting Kennedy from filing any new litigation in a court of this State without first obtaining permission from a local administrative judge. Order, *Michael Kennedy v. Kaycee Jones, et al.*, No. CIV32610 (258th

Jud. Dist. Ct. Polk Cty. June 7, 2019), available at https://www.txcourts.gov/media/ 1444585/michael-kennedy.pdf; *see* TEX. CIV. PRAC. & REM. CODE ANN. §§ 11.101–.103.[1]

By letter dated December 30, 2019, we notified Kennedy of this potential defect in our jurisdiction and afforded him the opportunity to show this Court how it had jurisdiction over this original proceeding, including the filing of a record, if necessary. We further informed Kennedy that the failure to respond by January 21, 2020, would result in dismissal of this original proceeding for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). Having received no response from Kennedy, we conclude that this original proceeding is ripe for dismissal.

We dismiss this original proceeding for want of jurisdiction.

Ralph K. Burgess
Justice

Date Submitted:     January 29, 2020
Date Decided:       January 30, 2020

---

[1]On January 7, 2020, this Court issued its opinion affirming the trial court's prefiling order. *See Kennedy v. Jones*, No. 06-19-00068-CV, 2020 WL 62022 (Tex. App.—Texarkana Jan. 7, 2020, no pet. h.) (mem. op.).

3